Honorable Thomas S. Bishop Major General, TexARNG The Adjutant General Austin, Texas
Re: Validity of policy requiring State employees of Adjutant General's Department to retire on becoming eligible for two annuities.
Dear General Bishop:
You inquire about the validity of the retirement policy applied to the State employees in your department. We note that your department supervises a large number of federal employees by virtue of 32 U.S.C.A. § 709, but your request does not concern them.
Your retirement policy is as follows:
 10. Retirement. a. Retirement Policies. To establish an equitable retirement policy that will encourage employees to take advantage of their earned annuities and thereby enhance the upward mobility opportunities of other employees to earn retirement benefits, the following policy affecting retirement of State employees will be implemented by the Adjutant General's Department.
 (1). Those employees who have earned two or more annuities will be expected to retire at the end of the month the second earned annuity becomes effective, however each potential retiree will have the option to continue employment until 31 December of the year in which these annuities are earned (to include reduced Social Security at age 62). Such annuities will include any combination of the following:
 Active Military Retirement (Army, Air Force, Navy, Marines, Coast Guard, Merchant Marine)
State Retirement
 Civil Service Commission Retirement or Postal or Railroad Retirement
Reserve Military Retirement
 (2). Retirement effective on 31 December of any calendar year will enable an individual to defer lump sum payment of accrued annual and sick leave to the next calendar year for tax purposes.
Staff Memorandum 1-1 (PS) 1 September 1976. Although the policy states that employees are `expected' to retire, it is administered as a mandatory retirement policy. Employees are dropped from the employment roles of the department by December 31 of the year in which they are expected to retire. Thus, employees must retire when they become eligible to receive, for example, reduced social security at age 62, and State retirement, available at age 60 to persons with ten years of service. A more common combination of annuities for State employees in your office consists of reduced social security and reserve military retirement, available at age 60 to persons with 20 years of service. 10 U.S.C.A. § 1331. You have provided us with statistics about retirements pursuant to this policy for 1976 through 1978. Of 20 past and prospective retirees, the policy allows three to work until age 65. One may work until 64, while the rest must retire at 63 or earlier.
Article 5781, section 8, V.T.C.S., provides in part:
 The Adjutant General shall prescribe regulations not inconsistent with the law for the government of his department. . . .
The Adjutant General's policies with respect to State employees in his office must be consistent with State law. See Attorney General Opinion M-719 at 7 (1970). Article 6252-14, V.T.C.S., provides as follows:
 No agency, board, commission, department, or institution of the government of the State of Texas, . . . shall establish a maximum age under sixty-five (65) years nor a minimum age over twenty-one (21) years for employment, nor shall any person who is a citizen of this State be denied employment by any such agency, board, commission, department or institution or any political subdivision of the State of Texas solely because of age; provided, [exceptions not here applicable] . . . .
Sec. 2. We find no statute that excepts the Adjutant General's Department from the operation of article 6252-14, V.T.C.S. Cf. Ed. Code § 13.903. This office has construed article 6252-14 to prohibit the establishment of a compulsory retirement age under 65. Attorney General Opinion C-178 (1963); see also Attorney General Opinion H-753 (1975). Retirement benefits provided by statute generally become available at a particular age. See, e.g., 10 U.S.C.A. § 1331; V.T.C.S. art. 6228a, § 5; art. 6228b, § 2; art. 6228g, § 7. Your policy mandates retirement at the point when an employee becomes eligible for retirement benefits under certain statutes. It thus indirectly links mandatory retirement to the achievement of a particular age. Since the relevant annuities may be earned as early as 60 and are usually earned before 65, we believe your policy effectively establishes a range of mandatory retirement ages, most of which are under 65. In our opinion, your policy is inconsistent with article 6252-14, V.T.C.S., and therefore invalid.
 SUMMARY
The policy of the Adjutant General's Department that requires State employees to retire when they become eligible for two annuities, such as military reserve retirement benefits and reduced social security benefits, is inconsistent with article 6252-14, and thus invalid.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee